IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3240-FL

| | |
|---|---|
| IRA DAVIS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THAD HUBLER, TONIA )<br>MATTHEWSON, ERIC H. HOLDER, )<br>JR., B. DAVIS, and CHARLES E. )<br>SAMUELS, JR., )<br>Defendants. )<br>) | ORDER |

This matter comes before the court on the motion to dismiss (DE 21) pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by defendants Eric H. Holder ("Holder"), Thad Hubler ("Hubler"), Tonia Matthewson ("Matthewson"), Barry Davis ("B. Davis"), and Charles E. Samuels, Jr. ("Samuels")[1], to which plaintiff responded. In this posture, the issues raised are ripe for ruling. For the following reasons, the court grants in part and denies in part defendants' motion.

## BACKGROUND

On November 21, 2011, plaintiff, a federal inmate then incarcerated at Rivers Correctional Institution ("Rivers"),[2] filed this action pursuant to Bivens v. Six Unknown Named Agents of

---

[1] Plaintiff's claim against the United States of America was dismissed October 16, 2012. The court has constructively amended the case caption to reflect its earlier dismissal by order, by removing the United States of America from the case heading.

[2] The Federal Bureau of Prisons has a procurement contract with GEO Group ("GEO") under which it pays GEO to house federal inmates at Rivers, a privately run correctional institution. See Mathis v. GEO Group, Inc., No. 2:08-CT-21-D (E.D.N.C. Sept. 29, 2010).

Federal Bureau of Narcotics, 403 U.S. 388 (1971). On May 2, 2012, the court entered an order noting that plaintiff failed to file his action on the appropriate form. The court provided plaintiff with the correct form, and directed plaintiff to return the completed form to the court.

Plaintiff complied with the court's direction to file his action on the appropriate form. However, plaintiff's filing was ambiguous as to whether plaintiff sought relief under the Federal Torts Claim Act, Bivens, or both. Accordingly, the court directed plaintiff to inform the court as to which cause of action he was pursuing. In response, plaintiff indicated that he seeks to bring this action pursuant to Bivens, and the court has construed plaintiff's action as such. Moreover, plaintiff, in his amended pleading, alleges that defendants violated his rights pursuant to the Free Exercise Clause of the First Amendment to the United States Constitution, because they "denied [him] bean pies made from Salaam's Bakery Inc. . . . on Saviors Day and every week final call Messages of Worship[.]" Am. Compl. p. 3. Plaintiff presents himself as a member of the religion of the Nation of Islam. Plaintiff complains about his illegal treatment where Jewish inmates are permitted Matzah bread and grape juice that were not made in Rivers' kitchen for their religious observance and Christians are allowed to receive the publication "Da[i]ly Bread." Id. p. 4.

On February 22, 2013, defendants filed their motion to dismiss. The matter was fully briefed.

## DISCUSSION

A.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quotations omitted).

B.  Analysis

Defendants raise the defense of qualified immunity against plaintiff's Bivens action. Government officials are entitled to qualified immunity from civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In other words, a government official is entitled to qualified immunity when (1) the plaintiff has not demonstrated a violation of a constitutional right, or (2) the court concludes that the right at issue was not clearly established at the time of the official's alleged misconduct. Pearson v. Callahan, 555 U.S. 223, 236 (2009).

1.  Bean Pies

The court first determines whether the provision of bean pies to plaintiff for religious purposes violated his rights pursuant to the First Amendment. The Free Exercise clause of the First Amendment to the United States Constitution provides that "Congress shall make no law . . . prohibiting the free exercise" of religion. U.S. Const. amend. 1; Goodall by Goodall v. Stafford

3

County School Bd., 60 F.3d 168, 170 (4th Cir. 1995). Under the Free Exercise Clause, an inmate has a " 'clearly established . . . right to a diet consistent with his . . . religious scruples.' " Lovelace v. Lee, 472 F.3d 174, 199 (4th Cir. 2006) (quoting Ford v. McGinnis, 352 F.3d 582, 597 (2d Cir. 2003)). "A prison official violates this clearly established right if he intentionally and without sufficient justification denies an inmate his religiously mandated diet." Lovelace, 472 F.3d at 199.

Plaintiff, a member of the religion of the Nation of Islam, asserts that prison staff violated his First Amendment rights because the bean pies provided to him for the ceremonial meal on Savior's Day in 2010, were made in the Rivers' kitchen and were not provided from a vendor of plaintiff's choosing. Plaintiff, however, has not stated how the provision of bean pies from the kitchen, and not a vendor of his choice, substantially burdened his practice of Islam. See, e.g., Hernandez v. Comm'r, 490 U.S. 680, 699 (1989) (finding that to state a claim an inmate must establish that he holds a sincere religious belief, and that the challenged action substantially burdened his belief); Kreiger v. Brown, 496 F. App'x 322, 325 (4th Cir. 2012) ("[T]o demonstrate that his religious practice has been substantially burdened, a plaintiff must demonstrate that a governmental entity substantially pressured him to modify his behavior and to violate his religious beliefs."); Woods v. Evatt, 876 F. Supp. 756, 772 (D.S.C. 1995), aff'd, 68 F.3d 463 (4th Cir. 1995). Because plaintiff has not alleged that the provision of the bean pies from the Rivers' kitchen and not an outside provider substantially burdened his religious practice, he fails to state a First Amendment violation, and defendants are entitled to qualified immunity for this claim.

4

2. Final Call Publication

Plaintiff alleges that he is being denied the Nation of Islam Final Call weekly religious publication, whereas other religions, such as Jehovah's Witnesses and Christians, are able to obtain their respective religious publications. Compl. (DE 1), p. 2. Plaintiff further states that he is being denied this publication based upon religious and racial discrimination. Defendants do not address plaintiff's First Amendment or Equal protection claims in their motion to dismiss. The court finds that plaintiff's allegations, at this stage of the proceedings, state a claim. See Brown v. Ray, 695 F. Supp.2d 292, 302 (W.D. Va. 2010) (finding a genuine issue of material fact as to whether the defendants' disapproval of the various issues of The Final Call publication placed a substantial burden upon the exercise of the plaintiff's religion); North v. Clarke, No. 3:11-CV-211, 2012 WL 405162, at *9 (E.D. Va. Feb. 7, 2012) (finding that a prison policy which permits religious spoken-word CDs, but prohibits secular spoken-word CDs violates the Fourteenth Amendment Equal Protection Clause); Shabazz v. Virginia Dept. of Corr., No. 3:10CV638, 2012 WL 463562, at *7 (E.D. Va. Feb. 13, 2012). Based upon the foregoing, the court DENIES defendants' motion to dismiss these claims.

3. Supervisor Liability

Plaintiff's claims against the United States Attorney Holder, Director of the Bureau of Prisons ("BOP") Samuels, Senior Secure Institution Manager Hubler, Secure Oversight Monitor Matthewson, and the Secure Oversight Monitor B. Davis are in their capacities as supervisory officials. However, the doctrine of respondeat superior is not applicable to Bivens actions, absent an official policy or custom that results in illegal action. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978).

Here, BOP employees, defendants B. Davis, Hubler and Matthewson argue that plaintiff's supervisor liability claims against them should be dismissed because they are not responsible for resolving grievances raised by inmates at Rivers. These defendants, however, also admit that they are responsible for overseeing the BOP's contract with Rivers. Because plaintiff attacks a Bureau of Prisons/Rivers policy as it relates to the provision of religious publications, the court DENIES the motion to dismiss this claim filed by B. Davis, Hubler and Matthewson. See Fisher v. Washington Metropolitan Area Transit Authority, 690 F.2d 1133, 1142-43 (4th Cir. 1982) (finding that § 1983 requires a showing of defendant's personal fault either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs), abrogated on other grounds by, Cnty. of Riverside v. McLaughlin, 500 U.S. 44 (1991). The court likewise finds it appropriate to allow plaintiff to proceed with this claim against Samuels, the Director of the BOP. Id.

As for his claim against Holder, plaintiff fails to allege that Holder personally violated his constitutional rights or that Holder had any involvement with the religious-policy at Rivers. Nor has plaintiff alleged any of the requirements to establish supervisor liability for Holder. Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994). Thus, defendants' motion is GRANTED with respect to Holder.

## CONCLUSION

Based upon the foregoing, defendants' motion to dismiss (DE 21) is GRANTED in part and DENIED in part. The motion is GRANTED as to plaintiff's First Amendment claim relating to the provision of bean pies. Defendants' motion also is GRANTED as to plaintiff's claims against Holder, and Holder is DISMISSED from this action. However, defendants' motion is DENIED as to plaintiff's First Amendment claim against Hubler, Matthewson, Samuels, and B. Davis regarding

6

the Final Call religious publication. As discussed above, plaintiff's equal protection claim also remains pending against these defendants. The Clerk of Court is DIRECTED to issue an initial order.

SO ORDERED, this the 30th day of July, 2013.

*Louise V. Flanagan*
LOUISE W. FLANAGAN
United States District Judge